IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Albert Eugene Surratt, | ) | Civil Action No. 4:12-cv-925-TLW |
| | ) | Criminal No. 4:09-cr-1369-TLW |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| The United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter comes before the Court for consideration of the *pro se* Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. § 2255 filed by the Petitioner, Albert Eugene Surratt ("Petitioner"). Petitioner pleaded guilty on October 4th, 2010, to Conspiracy to Possess With Intent to Distribute 5 Grams or More of Methamphetamine and 50 Grams or More of a Mixture and Substance Containing a Detectable Amount of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. (Docs. #18; 98). Petitioner's written plea agreement included a Federal Rule of Criminal Procedure 11(c)(1)(C) stipulated sentence of 72 months imprisonment, (Doc. #94), which the district court imposed, (Doc. #132). The presentence investigation report provided for a guideline range of 135-168 months. (Doc. # 124). On March 22, 2011, after sentencing, Petitioner signed a document provided to counsel by the Court. The Petitioner checked the box which states "I do not want to appeal" and then signed the form. (Doc. #127).

Petitioner filed the present action on March 30, 2012, alleging he waived his appeal on the understanding that his attorney would move the Court to 1) credit the Petitioner's sentence for 14 months the Petitioner spent on home detention with electronic monitoring, and 2) remove

a two point weapons enhancement. (Doc. #142). The Court construes both claims as allegations of ineffective assistance of counsel. On April 11, 2012, The United States of America ("Government") filed a response in opposition to both grounds and moved for summary judgment. (Docs. #143; 144). On April 24, 2012, the Government filed a Motion for Additional Time in which to file its supplemental response and for an Order requiring Petitioner's counsel to file an affidavit responding to Petitioner's allegations. (Doc. #147). The Court granted the Government's April 24, 2012 Motion on April 30, 2012, ordering Petitioner's counsel to file an affidavit within 25 days of the Order and directing the Government to file its supplemental response within 45 days of the Order, whatever the status of the affidavit. (Doc. #148). Petitioner filed a response in opposition to the Government's Motion for Summary Judgment on May 18, 2012. (Doc. #149). On July 23, 2012, Petitioner filed a Motion for Summary Judgment on the grounds that neither the Government nor Petitioner's defense counsel submitted filings as required by the Court's April 30, 2012 Order. (Doc. #150). Thereafter, Petitioner's defense counsel, Paul V. Cannarella ("Cannarella"), filed an affidavit on July 26, 2012. (Doc. #151). The Government filed its supplemental Response in Opposition on August 6, 2012. (Doc. #152). On September 27, 2012, Petitioner filed a document docketed as a Response in Opposition to the Government's Motion for Summary Judgment. (Doc. #156). The matter is now ripe for decision.

## 28 U.S.C. § 2255

United States Code, Title 28, Section 2255 provides that a prisoner in custody under sentence of a federal court may file a motion in the court that imposed the sentence to vacate, set aside, or correct the sentence. Section 2255 relief may be granted when: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized

by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. "Generally, 28 U.S.C. § 2255 requires [a] petitioner to prove by a preponderance of the evidence that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law.'" Leano v. United States, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting 28 U.S.C. § 2255(a)). In Leano, the district court noted that this is "the proof needed to allege a constitutional error," and that "[t]he scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" Leano, 334 F. Supp. 2d at 890 (quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999)). In deciding a 28 U.S.C. § 2255 motion, the Court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's *pro se* motion, and finds that no hearing is necessary.

## STANDARD OF REVIEW

The Government filed a response and moved for summary judgment as to all grounds raised by Petitioner. (Docs. #101; 102). In examining a motion for summary judgment, the Court must determine whether there exists a genuine issue of material fact. Fed. R. Civ. P. 56. Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

any," which it believes demonstrate the absence of genuine issues of material fact. <u>Celotex</u>

<u>Corporation v. Catrett</u>, 477 U.S. 317, 323 (1986); <u>see also</u>, <u>Anderson v. Liberty Lobby, Inc.</u>, 477

U.S. 242, 249 (1986). Once the moving party meets its responsibilities by making and

supporting a motion for summary judgment under Rule 56, the non-moving party must produce

"specific facts showing that there is a genuine issue for trial," rather than resting upon bald

assertions contained in the pleadings. <u>See</u> <u>Celotex</u>, 477 U.S. at 323. Thus, the plain language of

Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon

motion, against a party who fails to make a showing sufficient to establish the existence of an

element essential to that party's case, and on which element that party will bear the burden of

proof at trial. In such a situation, there can be "no genuine issue of material fact" because a

complete failure of proof concerning an essential element of the non-moving party's case

necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a

matter of law" because the non-moving party has failed to make a sufficient showing on an

essential element of her case with respect to which she has the burden of proof. <u>Celotex</u>, 477

U.S. at 322-23.

## ANALYSIS OF CLAIMS

Petitioner alleges two grounds of relief. Petitioner first alleges that he waived his right to

appeal on the understanding that his attorney would move the Court to credit the Petitioner's

sentence for fourteen (14) months the Petitioner spent on home detention with electronic

monitoring. (Doc. # 142). He next alleges that he waived his appeal on the understanding that his

attorney would move the Court to remove a two point weapons enhancement applied in the

presentence investigation report. (<u>Id.</u>). The Court liberally construes both allegations as

ineffective assistance of counsel claims. To prevail on a claim of ineffective assistance of

4

counsel, a petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficiencies prejudiced the petitioner's defense to the extent that he was denied a fair trial. Strickland v. Washington, 466 U.S. 668, 687-692 (1984). A petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The reviewing court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Further, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance…." Id. at 689. The first inquiry – whether counsel's performance was deficient – may be bypassed if the claim is more easily disposed on the ground of lack of prejudice. Id. at 697. For the reasons outlined below, none of the Petitioner's allegations are meritorious.

**Fourteen month credit**

Petitioner asserts that he waived his right to appeal on the understanding that his attorney would move the Court to credit Petitioner's sentence for the fourteen months Petitioner was on pretrial release. Petitioner's assertions are insufficient to support a claim for ineffective assistance of counsel. First, Petitioner fails to show that Cannarella's performance regarding a motion to credit the Petitioner's sentence was objectively unreasonable and prejudicial. Clearly, Petitioner's fourteen months served on pretrial release did not qualify for consideration as time served. The case law is clear. See United States v. Insley 927 F.2d at 185, 186 (4th Cir. 1991) (stating that "[c]onditions of release are not custody," and "[f]or the purpose of calculating credit for time served under 18 U.S.C. § 3585, 'official detention' means imprisonment in a place of confinement, not stipulations or conditions imposed upon a person not subject to full physical incarceration.") (internal citations omitted). Counsel notes he was aware of the holding in this

case. Thus, even had Cannarella agreed to move the Court for such credit, an agreement Cannarella denies making (Doc. #151 at 4), such a motion would have been without merit and have no chance of success. As well, in light of the stipulated sentence, discussed below, there would be no basis for counsel to move for credit for time spent on home confinement. Petitioner therefore fails to show conduct by Cannarella that was objectively unreasonable and prejudicial.

Second, Petitioner fails to show that Cannarella's advice regarding waiver of appeal was objectively unreasonable: Petitioner's sentence pursuant to the 11(c)(1)(C) plea agreement was 72 months. The presentence report set forth a sentencing range between 135 to 168 months. This is the sentence the Petitioner faced under the guidelines. The plea agreement in this case states unequivocally that "[B]oth parties agree that the appropriate disposition of this case… is a sentence of 72 months actual incarceration." (Doc. #94). The Petitioner signed this agreement. There is no mention in the plea agreement of a reduction of fourteen months while the Petitioner was on home confinement. Nothing in the record before the Court supports the Petitioner's contention regarding that reduction. The Petitioner did not raise this issue at sentencing nor would there have been any plausible basis for his counsel to do so, in light of the stipulated, and favorable, sentence imposed of 72 months. This claim has no merit.

Furthermore, there is no factual dispute that arises regarding this issue. The Court finds, based on the full record, that the Petitioner is entitled to no relief. Counsel notes the Petitioner received the "exact stipulated sentence." The agreed to sentence was imposed and the sentencing procedure was over at the time the Petitioner executed the right to appeal form. There simply was no sentence to reduce in light of the stipulated sentence imposed at the time the Petitioner signed the form stating that he did not want to appeal. There is no basis for counsel to agree to move for a reduction once the sentence is imposed. No United States v. Poindexter hearing is

necessary. 492 F.3d 263 (4th Cir. 2012). Clearly, there was no unequivocal request to appeal in this case. There is no factual dispute to resolve regarding the Petitioner's indicating, "I do not want to appeal" on the form provided by the Court that he signed. For these reasons, Petitioner's first claim of ineffective assistance of counsel is without merit.

**Two point weapons enhancement**

Petitioner next contends that he improperly received a two point weapons enhancement. (Doc. # 142 at 8). Petitioner claims he waived his right to appeal because his attorney committed to "have the Judge remove the 2 point weapon enhancement due to the weapons charge being dismissed." (Id.). Petitioner's allegations are again without merit. His 72 month sentence was imposed pursuant to his Rule 11(c)(1)(C) stipulation in the plea agreement, not pursuant to the guidelines. (Doc. #94 at 7-8; United States v. Powell, 347 F. App'x 963, 965 (4th Cir. 2009) ("A sentence imposed pursuant to a Rule 11(c)(1)(C) plea agreement is contractual and not based upon the guidelines.") (citing United States v. Cieslowski, 410 F.3d 353, 364 (7th Cir. 2005)). According to the presentence investigation report, the guideline range in Petitioner's case was 135-168 months. (Doc. # 124). As a result, the weapons enhancement was not relevant to the Petitioner's sentence. The plea agreement made no reference to removal of the two point enhancement. The Rule 11(c)(1)(C) sentence was well below the calculated range. Removing the two level enhancement would lead to a sentencing range above the 72 month sentence. Again, the gun enhancement issue is simply not relevant to the appeal question. The Petitioner's assertions are simply insufficient for relief. No factual dispute exists that requires resolution on this question. As the sentence imposed was a stipulated sentence recommendation, the gun enhancement simply is not relevant to the sentence imposed or the appeal question. Petitioner therefore fails to show conduct by defense counsel (Cannarella) that was objectively

unreasonable and prejudicial. Furthermore, as discussed above, Petitioner has failed to show that Cannarella's performance regarding waiver of appeal was objectively unreasonable. Thus, Petitioner's claim based on these grounds is without merit.

### CONCLUSION

The Court has carefully considered the filings, record, and relevant law, and for the foregoing reasons, Petitioner's motion for relief pursuant to 28 U.S.C. § 2255, (Doc. #142), is **DENIED**, the Government's motion for summary judgment, (Doc. #144), is **GRANTED,** Petitioner's Motion for Summary Judgment, (Doc. #150), is **DENIED**, and this action is **DISMISSED** with prejudice.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein. The Court advises Petitioner that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

s/Terry L. Wooten
TERRY L. WOOTEN
Chief United States District Judge

June 10, 2013
Columbia, South Carolina